UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE L. DIRDEN, JR.,

      Plaintiff,

v.                                        Case No. 3:15cv342/MCR/CJK

PENSACOLA POLICE DEPARTMENT, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 10).  Upon review of the complaint, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

      Plaintiff is an inmate of the Florida Department of Corrections.  (Doc. 10, p. 2).  Plaintiff's amended complaint names one defendant:  Officer Galloway, a police officer with the Pensacola Police Department.  Plaintiff provides the following factual basis for this lawsuit:

      Galloway placed [plaintiff] in jail without delegation of authority order nor any sworn complaint of a injured party March 1, 2015. Galloway is in dishonor for failure to respond to affidavit of facts.

(Doc. 10, p. 5).  Attached to plaintiff's amended complaint is a "Certificate of Non-Response" signed by a notary public, one Roderick Buggs, asserting that on March 20, 2015, and on March 26, 2015, plaintiff hand delivered a document titled "Affidavit of Facts/Delegation of Authority" to Anne M. Patterson, the Assistant State Attorney prosecuting plaintiff's case (Escambia County Circuit Court Case No. 13-CF-5456), and that she and Officer Galloway failed to respond to the document. (Doc. 10, p. 6, "Certificate of Non-Response").  Based on the foregoing, plaintiff asserts the following claims against Officer Galloway:  a claim for "Trespassing" in violation of the Third Amendment; a claim for "No Delegation of Authority" in violation of the Tenth Amendment; and claims for "Kidnapping", "Fraudulent Claim", and "Force Obligation" in violation of Title 18 of the federal criminal code. (Doc. 10, p. 8).  As relief, plaintiff seeks monetary damages totaling $1,540,000.00, and release from incarceration.  (*Id*.).

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In applying this standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged

approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting  Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim.  *Id.*  The complaint must include "[f]actual allegations . . .  [sufficient] to raise a right to relief above the speculative

level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible."  *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

1.  the conduct complained of was committed by a person acting under color of state law; and

2.  this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

The Tenth Amendment provides:  "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."  U.S. Const. amend. X.  Plaintiff's allegation that Officer Galloway placed him in jail without a "Delegation of Authority" order states no plausible claim for relief under § 1983.  Neither the Tenth Amendment, nor any other constitutional amendment, required Officer Galloway to secure a "Delegation of Authority" order before placing plaintiff in jail.  *See* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").  Plaintiff's amended complaint fails to allege a plausible claim for false arrest or false imprisonment under the Fourth or Fourteenth Amendment, because plaintiff alleges

no facts suggesting Officer Galloway did not have an arrest warrant supported by probable cause, which is the legal process the Constitution requires.  U.S. Const. amend. IV; *see also Wallace v. Kato*, 549 U.S. 384, 389, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process."); *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (explaining that the existence of probable cause is an absolute bar to a § 1983 claim for false arrest).

Plaintiff's claim under the Third Amendment fares no better.  The Third Amendment provides:  "No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. Const. amend. III.  Plaintiff does not allege that soldiers were quartered in any home he owns.  Plaintiff's conclusory assertion that Officer Galloway is guilty of "trespassing" in violation of the Third Amendment does not state a plausible basis for relief under § 1983.

Plaintiff's claims under Title 18 are frivolous, as they are criminal in nature. *See Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit.  They are criminal in nature and provide no civil remedies.").

Even if plaintiff stated a plausible claim for relief, his claims for compensatory and/or punitive damages are barred by 42 U.S.C. § 1997e(e), as he alleges no physical injury arising from Officer Galloway's actions.  *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Napier v. Preslicka*, 314 F.3d 528 (11th Cir.

2002) (holding that § 1997e(e) applied to suit where prisoner sought damages for mistaken arrest and imprisonment).  Plaintiff's request for immediate release from incarceration, which challenges the very fact of his confinement, cannot be granted in the § 1983 context.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973).

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of October, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.